## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

BANKERS STANDARD INSURANCE CO., )
                             )

                **Plaintiff,** )

vs. )   **No.**  **99CV0969H (J)**

                             )

NORTHLAND INSURANCE COMPANY, )
RONALD YOUNGER, an individual, d/b/a )
YOUNGER TRUCKING, RONALD WILSON, )
JACQUELINE WILSON and THE )
PERSONAL REPRESENTATIVE OF THE )
ESTATE OF TIMOTHY WILSON, )

                **Defendants.** )

**F I L E D**

NOV 1 2 1999

Phil Lombardi, Clerk
U.S. DISTRICT COURT

### COMPLAINT

### Jurisdiction

1.    Plaintiff, Bankers Standard Insurance Co. (Bankers), is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business located in Pennsylvania. Defendant, Northland Insurance Company, is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business located in Minnesota. Ronald Younger is a resident of Tulsa County, Oklahoma, and is a citizen of the State of Oklahoma. Ronald Wilson, Jacqueline Wilson, and the Personal Representative of the Estate of Timothy Wilson, are individuals living in Tulsa County, Oklahoma, whose citizenship is the State of Oklahoma.

2.    The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3.    Jurisdiction is proper under 28 U.S.C. § 1332 given the complete diversity of citizenship between the parties.

4.    This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 for the

purpose of determining a question of actual controversy between the parties as more fully described below.

5.       An actual controversy has arisen among the parties in that Bankers is not liable to these Defendants for any claims made for primary coverage. Additionally, Plaintiff is entitled to subrogation of any amounts recovered by the Wilson Defendants regarding an automobile accident which occurred on or about December 16, 1997. Bankers is filing this action to have the Court determine its subrogation interest, as well as the liability interest, of the Younger and Northland Defendants prior to the running of the statute of limitations under 12 O.S. § 95.

## Factual Allegations

6.       On or about July 1, 1997, Bankers issued to Goodwill Industries of Tulsa, Inc. a commercial automobile insurance policy, No. D22213520.

7.       Flor H. Campos and Timothy Wilson were employees of Goodwill Industries of Tulsa, Inc.

8.       On or about December 16, 1997, Flor H. Campos was driving the vehicle insured by Plaintiff in the right-hand lane on Highway 169 near 31st Street southbound in Tulsa, Oklahoma. Timothy Wilson was a passenger in the front seat of the vehicle. Campos and Wilson were within the scope of their employment for Goodwill Industries of Oklahoma at the time.

9.       Ronald Younger, driving a semi-tractor owned or leased by Younger Trucking, was behind Campos and Wilson in the left lane of southbound traffic on Highway 169.

10.      Younger attempted to change lanes and hit the Campos vehicle. The collision caused the Campos vehicle to cross the median where it was struck by a semi-tractor trailer. Both Campos and Wilson were killed.

2

11.    Younger negligently steered his semi-tractor into the side of the vehicle carrying Campos and Wilson, causing the vehicle to swerve out of control across the center median of Highway 169.

12.    At the time of the accident, Timothy Wilson was a 31-year old adult survived by his parents, Ronald Wilson and Jacqueline Wilson.

13.    Northland Insurance Co. is the insurance carrier for Ronald Younger, d/b/a Younger Trucking Company.

14.    Neither Campos nor Wilson were cited for the accident, and neither were responsible for the accident.

15.    Younger was cited for causing the accident.

16.    A jury acquitted Younger of the criminal charges filed against him regarding the accident.

17.    A previous action, filed by <u>George Valverde as Personal Representative of the Estate of Flor H. Campos v. Ronald Younger, d/b/a Younger Trucking, CIGNA Property and Casualty Insurance Co. and Farmers Insurance, Inc.</u>, in the District Court for Tulsa County, State of Oklahoma, has been resolved.

18.    Wilson's parents have made demand on Bankers for payment of uninsured motorist coverage for the wrongful death of their son. Wilson's parents are claiming in excess of $75,000 for loss of companionship.

19.    Although Wilson's parents and the Personal Representative of Wilson's estate have not yet filed an action, Bankers is entitled to have its rights determined in order to avoid having its claims for subrogation and liability determination barred by the statute of limitations. 12 O.S. § 95.

20.    Bankers asserts that Northland Insurance Company is primarily responsible for payment of claims made by the Wilsons and the Wilson Estate and that Northland coverage is sufficient to cover the claims of Defendants.

21.    In the event Bankers pays any amount on claims by the Defendants, Plaintiff asserts it is entitled to subrogation recovery of such payment from any amount received by the Wilsons and Wilson Estate for claims regarding the accident.

**WHEREFORE,** Bankers requests that the Court:

(a)    enter judgment declaring the rights and obligations of each of the parties with regard to the dispute;

(b)    enter judgment declaring there is no coverage under the Bankers Standard Insurance Company policy in connection with the claims of the Wilsons and the Personal Representative of the Wilson Estate;

(c)    enter judgment finding Younger and/or Northland Insurance Company have primary liability for the payment of any claims of the Wilsons and the Personal Representative of the Wilson Estate;

(d)    enter judgment declaring Bankers is entitled to subrogation for amounts received by the Wilsons and the Personal Representative of the Wilson Estate;

(e)    award Bankers the costs of this action; and

4

(f)    grant Plaintiff any other and further relief that this Court deems just and proper.

FELDMAN, FRANDEN, WOODARD
& FARRIS

By _____
John R. Woodard, III, OBA # 9853
Jody R. Nathan, OBA # 11685
525 South Main, Suite 1000
Tulsa, OK 74103-4514
Tel: 918-583-7129
Fax: 918-584-3814
**ATTORNEYS FOR PLAINTIFF**

5